WO                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John M. Scales, | No. CV 14-02303-PHX-SPL (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Public Defender Office, | |
| Defendant. | |

On October 15, 2014, Plaintiff John M. Scales, who is confined in the Maricopa County Lower Buckeye Jail, filed a "Motion for Relief Civil Rights Violation" that the Court will construe as a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).

**I.     Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $50.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period. *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

JDDL

1  If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

Because Plaintiff has not paid the $400.00 filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*, Plaintiff will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis*, using the form included with this Order, or pay the $400.00 filing and administrative fees.

**II.     Complaint not on Court-Approved Form**

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Plaintiff's Complaint is not on a court-approved form as required by Local Rule of Civil Procedure 3.4. Plaintiff's Complaint will therefore be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a court-approved form.

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved form. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its

entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. **Plaintiff may include only one claim per count**.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff files an amended complaint, he should take note that § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). However, a prerequisite for any relief under § 1983 is a showing that the defendant has acted under the color of state law. A public defender or court-appointed attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325

1 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972).

2 Moreover, although Plaintiff's allegations are largely incoherent, it appears that Plaintiff is seeking to have the Public Defender's Office withdraw as legal counsel and "withdraw and squash" a Rule 11 evaluation, is alleging that a Rule 11 evaluation will result in the denial of his right to a speedy trial and his "right to religious beliefs," and is arguing that the criminal case against him and the Rule 11 evaluation should be "squashed." Plaintiff should take note that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[T]he Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." *Carden*, 626 F.2d at 84.

**III.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

. . . .

- 4 -

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within 30 days of the date this Order is filed, Plaintiff must either pay the $400.00 filing and administrative fees **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(2) If Plaintiff fails to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(3) Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** for failure to file on a court-approved form. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

. . . .

. . . .

. . . .

. . . .

. . . .

1       (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) **and** a court-approved form for filing a civil rights complaint by a prisoner.

      Dated this 31st day of October, 2014.

                                     Honorable Steven P. Logan
                                     United States District Judge